MILES *v.* SECURITIES INV. CO.

(*Jackson*, April Term, 1937.)

Opinion filed May 11, 1937.

BEASLEY & BROWN, of Centerville, for plaintiff in error.

S. L. FELTS and ELVIN WOODROOF, both of Nashville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The question presented on this petition for *certiorari* is whether a justice of the peace can acquire jurisdiction of property in a replevin suit when the property is out of his county at the time the suit is brought. The Court of Appeals held that jurisdiction could be so acquired, and we think that court was right.

It is true that replevin may be described as a local action to be brought where the property is taken or where the property is detained, unless a statute regulates the matter. 54 C. J., 460. But we have a statute, Code, section 9284, as follows:

"The action may be brought in any county in which the goods and chattels, or any part of them, are, or in which either of the defendants may be found."

That jurisdiction of property out of the county at the time of suit may be thereafter acquired when the defendant is regularly brought before the court follows from Code, section 9289, as follows:

"Counterpart of the writ of replevin may issue; upon suggestion of the plaintiff, to any other county, to be

executed upon goods, or served upon defendants found in such county."

The form of a writ of replevin is thus set out in Code, section 9305:

"State of Tennessee, ............ County. } To the sheriff or any constable of said county:

"I command you to summon .......... to appear before me, or some other justice of said county, to answer the complaint of ............, for unlawfully taking out of his possession and detaining from him (describe the property), the property of the said ............ And I also command you to take said property out of the possession of the said ............, and deliver the same to the said .........., he having given bond and security as required by law. This ............ day of .........., 19.... E F, J. P."

The writ requires two things, that the defendant be summoned to appear before the magistrate and that the property be taken out of the possession of the defendant. The writ not being fully executed by service upon defendant, counterpart of the writ, under the statute, may issue "to any other county to be executed upon goods."

Petition for *certiorari* is denied.